**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| William R Donges, et al., | No. CV-18-00093-TUC-RM |
| Plaintiffs, | **ORDER** |
| v. | |
| USAA Federal Savings Bank, | |
| Defendant. | |

Pending before the Court is Plaintiffs William and Carolyn Donges' Motion to Amend Complaint. (Doc. 78.)[1] For the following reasons, Plaintiffs' request for leave to amend will be denied.

**I.   Background**

On April 23, 2018, the Court issued a Scheduling Order setting a deadline of May 18, 2018, to amend pleadings. (Doc. 32 at 1.) On May 18, 2018, Plaintiffs requested and were granted leave to file the operative First Amended Complaint. (Docs. 33, 34, 35.)

On August 2, 2018, the parties jointly requested an extension of the deadline to complete discovery, which the Court granted. (Docs. 39, 40.) The parties did not request an extension of the already-expired amendment deadline. (*See* Doc. 39.)

Briefing on the parties' summary judgment motions was completed on January 25, 2019. (Docs. 76, 77.) Plaintiffs filed their Motion to Amend Complaint on February 5,

---
[1] Also pending are Plaintiffs' Motion for Partial Summary Judgment and Defendant USAA Federal Savings Bank's Motion for Summary Judgment, both of which are fully briefed. (Docs. 54, 64, 69, 71, 76, 77.) The summary judgment motions will be resolved in a separate order.

2019. (Doc. 78.) They seek to add two new claims. (*See id.*)

## II. Standard of Review

Plaintiffs' motion was filed more than eight months after the May 18, 2018 amendment deadline. Accordingly, their motion is properly examined first under Federal Rule of Civil Procedure 16(b)(4) as a motion to amend the Scheduling Order. *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294 (9th Cir. 2000) (citing *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607–09 (9th Cir. 1992)). Rule 16(b)(4) provides that a scheduling order "may be modified only for good cause and with the judge's consent." "This standard 'primarily considers the diligence of the party seeking the amendment.'" *Coleman*, 232 F.3d at 1294 (quoting *Johnson*, 975 F.2d at 609). If the moving party "was not diligent, the inquiry should end." *Johnson*, 975 F.2d at 609; *see Wong v. Regents of Univ. of Cal.*, 410 F.3d 1052, 1060 (9th Cir. 2005) ("Parties must understand that they will pay a price for failure to comply strictly with scheduling and other orders . . . .").

If the party seeking to amend shows good cause under Rule 16(b)(4), he or she must then show that the amendment would be proper under the liberal requirements of Rule 15(a). *Johnson*, 975 F.2d at 608 (citing *Forstmann v. Culp*, 114 F.R.D. 83, 85 (M.D.N.C. 1987)). The district court has discretion in determining whether to grant or deny leave to amend, *Foman v. Davis*, 371 U.S. 178, 182 (1962), but leave should freely be given "when justice so requires," Fed. R. Civ. P. 15(a)(2). In determining whether to grant leave to amend under Rule 15(a), the Court considers whether there has been "'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.'" *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (per curiam) (quoting *Foman*, 371 U.S. at 182).

## III. Discussion

Plaintiffs have not shown good cause under Rule 16(b)(4) for allowing their

untimely motion.[2] Two circumstances show that they were not diligent. First, they concede that they have been in possession of the evidence on which the proposed amendment is based at least since the end of discovery, on September 21, 2019.[3] Thus, all the facts necessary for Plaintiffs to bring their proposed claims were in their possession months before they made their request (and probably before they filed this lawsuit). Second, Plaintiffs claim they only became aware of the legal significance of such evidence while preparing their response to Defendant's Motion for Summary Judgment. The response was filed on January 10, 2019. Even assuming it was reasonable for Plaintiffs to identify their proposed claims so long after discovery, they still waited approximately one month to file their motion.

Because Plaintiffs were not diligent, they cannot show good cause under Rule 16(b)(4). *Johnson*, 975 F.2d at 609. The Court therefore declines to amend the Scheduling Order and will deny Plaintiffs' Motion to Amend Complaint as untimely.

Furthermore, the Court finds that the *Foman* factors weigh against granting Plaintiffs leave to amend. The parties' summary judgment motions are fully briefed. If Plaintiffs were granted leave to add new claims, Defendant would be entitled to time to file an answer, to conduct discovery, and to file another summary judgment motion on those claims. Thus, the amendment would clearly result in undue delay. Furthermore, the necessity of reopening discovery on Plaintiff's new claims would prejudice Defendant.[4] *See Lockheed Martin Corp. v. Network Sols., Inc.*, 194 F.3d 980, 986 (9th Cir. 1999) ("A need to reopen discovery and therefore delay the proceedings supports a district court's finding of prejudice from a delayed motion to amend the complaint." (citing *Solomon v. N. Am. Life & Cas. Ins. Co.*, 151 F.3d 1132, 1139 (9th Cir. 1998))).

---

[2] Neither party addresses Rule 16(b)(4)'s good-cause requirement.
[3] As Defendant points out, Plaintiffs probably had the evidence in their possession in October 2017.
[4] Plaintiffs assert that additional discovery is unnecessary because they have all the facts they need to prevail on their proposed additional claims. Defendant asserts that it would likely need to depose both Plaintiffs again. It is not unreasonable to believe that Defendant may have additional, material questions relevant to Plaintiffs' proposed claims that went unasked because they appeared irrelevant to Plaintiffs' operative pleading. The Court thus finds that additional discovery would be required if Plaintiffs were granted leave to amend.

Therefore, Plaintiffs' Motion to Amend Complaint also fails under Rule 15.

**IT IS ORDERED** that Plaintiffs' Motion to Amend Complaint (Doc. 78) is **denied**.

Dated this 10th day of April, 2019.

_____
Honorable Rosemary Márquez
United States District Judge