**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| William R Donges, et al., | No. CV-18-00093-TUC-RM |
| Plaintiffs, | **ORDER** |
| v. | |
| USAA Federal Savings Bank, | |
| Defendant. | |

Pending before the Court is Plaintiffs' Motion to Stay Judgment Pending Appeal, Unopposed. (Doc. 96.) Plaintiff homeowners brought this action against Defendant USAA Federal Savings Bank seeking to prevent the foreclosure and trustee sale of their house. (Doc. 35). The Court granted summary judgment in favor of Defendant (Doc. 83), and Plaintiffs now seeks an injunction preventing the foreclosure and sale of their house pending appeal to the Ninth Circuit. (Doc 96.) For the reasons explained below, the Court will grant Plaintiffs' Motion for an Injunction.

Plaintiffs alleged that the planned foreclosure and trustee sale was barred by the applicable statute of limitations as well as by promissory estoppel, estoppel by inaction, and estoppel by misrepresentation. (Doc. 35 at 24.) In their Amended Complaint, Plaintiffs requested a declaratory judgment that the applicable statute of limitations was never tolled and consequently had expired. (*Id.*) They also requested injunctive relief barring Defendant "from conducting any enforcement action, collection efforts, or filing a lawsuit on Plaintiff Donges' HELOC Agreements or any judicial or non-judicial foreclosure action upon the

property of Plaintiff Donges securing said HELOC agreements." (*Id.*) The parties stipulated to postponement of the pending foreclosure "until this court issues an order allowing the foreclosure to proceed or dismisses Plaintiff's claims against USAA FSB in their entirety." (Doc. 26.) Defendant subsequently moved for summary judgment (Doc. 64) and this Court granted summary judgment to Defendant on all claims. (Doc. 83.) Judgment was entered in favor of Defendant and the Amended Complaint was dismissed. (Doc. 85.) Plaintiffs filed a notice of appeal on May 29, 2019. (Doc. 88.) Plaintiffs now request that this Court "stay its Order directing the Clerk of court to enter Judgment in Defendant's favor and close the case or, in the alternative, grant a Preliminary Injunction against foreclosure for the duration of the appeal." (Doc. 96.) Plaintiff represents that Defendant does not oppose the instant Motion, and Defendant did not file a Response. (*Id.*)

In general, the filing of a notice of appeal "divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982). Federal Rule of Civil Procedure 62(d) codifies an exception to exclusive appellate jurisdiction, allowing a district court to "suspend, modify, restore, or grant an injunction on terms for bond or other terms that secure the opposing party's rights" while an appeal is pending. Fed. R. Civ. P. 62; *see Natural Res. Def. Council, Inc. v. Sw. Marine, Inc.*, 242 F.3d 1163, 1166 (9th Cir. 2001) (recognizing that a district court "retains jurisdiction during the pendency of an appeal to act to preserve the status quo"). This rule "codifies the inherent power of a court 'to preserve the status quo where in its sound discretion, the court deems the circumstances so justify[.]' " *Christian Science Reading Room v. Cty. & Cnty. of S.F.,* 784 F.2d 1010, 1017 (9th Cir.1986) (citation omitted). To obtain an injunction from the Ninth Circuit pending appeal from a final judgment of a district court, "[a] party must ordinarily move first in the district court." Fed. R. App. P. 8(a)(1).

In determining whether to grant an injunction pending appeal pursuant to Federal Rule of Civil Procedure 62, courts may apply the same equitable balancing test required for issuance of a preliminary injunction. *See In Re South LLC,* No. CV-11-2356-PHX-

DGC, 2011 WL6019279 at *1 (D. Ariz. Dec. 5, 2011); *accord Gila River Indian Cmty. v. United States*, No. CV-10-1993-PHX-DGC, 2011 WL 1656486, at *1 (D. Ariz. May 3, 2011). The Ninth Circuit's "alternative test" for preliminary injunctive relief requires the party seeking relief to demonstrate "either a combination of probable success on the merits and the possibility of irreparable injury or that serious questions are raised and the balance of hardships tips sharply in his favor." *Se. Alaska Conservation Council v. U.S. Army Corps of Eng'rs,* 472 F.3d 1097, 1100 (9th Cir. 2006).

Here, Plaintiffs have adequately demonstrated that they will suffer irreparable injury absent injunctive relief and that the balance of hardships tips sharply their favor. Plaintiffs seek an injunction preventing the sale of their home pending the exercise of their right to appellate review. In the absence of injunctive relief, a trustee sale will take place on July 29, 2019, causing Plaintiffs' eviction from their long-time home. (Doc. 96.) Defendant bank, on the other hand, will maintain its security interest in the property notwithstanding the issuance of injunctive relief. Plaintiffs therefore face the possibility of irreparable injury and the balance of equities tips sharply in their favor. *See, e.g., Deutsche Bank Nat'l Tr. Co. as Tr. for GSAA Home Equity Tr. 2006-18 v. Cornish*, 759 F. App'x 503, 504–05 (7th Cir. 2019) ("[S]tays pending appeal should be the norm in mortgage foreclosure appeals. . . . The lender has the security it bargained for—its interest in the property—to protect its interests during the appeal. Without a stay, on the other hand, the typical residential borrower will suffer irreparable damage (eviction from the home) during the appeal.")

Plaintiffs have also demonstrated serious questions going to the merits on appeal. This action raises a question of first impression as to the application of the Arizona Supreme Court's recent decision in *Mertola, LLC v. Santos,* 422 P.3d 1028 (Ariz. 2018) to home equity lines of credit. Moreover, even if there was not a serious legal question as to whether the *Mertola* holding applies in the instant case, the Court's determination that there is no genuine issue of material fact requiring trial is also subject to appellate review, including as to whether Plaintiff adequately alleged that the loan was accelerated and the statute of limitations began to run in 2011 after a bank employee stated that no further

1 | payments would be accepted. (Doc. 71.) Plaintiffs have established that serious questions exist for resolution on appeal.

The Court will grant the requested injunctive relief without requiring the posting of a bond. District courts retain the discretion to "waive the bond requirement or allow the judgment debtor to use some alternative type of security." *Brooktree Corp. v. Advanced Micro Devices, Inc.*, 757 F. Supp. 1101, 1104 (S.D. Cal. 1990); *accord Fed. Prescription Serv. v. Am. Pharmaceutical Ass'n*, 636 F.2d 755, 759 (D.C. Cir. 1980) (noting Rule 62 "in no way necessarily implies that filing a bond is the only way to obtain a stay"); *N. Ind. Pub. Serv. Co. v. Carbon Cnty. Coal Co.*, 799 F.2d 265, 281 (7th Cir. 1986) (holding district court has discretion to waive $2 million appeal bond); *see also* Fed. R. Civ. P. 62 Advisory Committee Notes to 2018 Amendment, (explaining that "[t]he new rule's text makes explicit the opportunity to post security in a form other than a bond").

The Court notes that Defendant does not oppose the instant motion. (Doc. 96.) Furthermore, if Defendant is successful on appeal, it will have the right to foreclose on the subject property, thereby recovering substantially all of Plaintiffs' debt. There is no indication that the property is not being properly cared for, nor that the security interest is not properly protected by the payment of insurance and property taxes. The Court therefore finds that the posting of a bond is not necessary to secure Defendants' interest in the subject of this action. *See, e.g., Deutsche Bank*, 759 F. App'x 503, 507–08 ("In the case of a mortgage foreclosure . . . the lender already has its security interest in the mortgaged property. That security interest should ordinarily suffice to protect the lender's rights pending appeal for purposes of Rule 62.") The Court will therefore issue the requested injunctive relief without requiring the posting of a bond. Should the property begin to deteriorate in value or other circumstances arise such that Defendant's interest in the property is no longer sufficient to secure its interests pending appeal, Defendant may "petition the [Court] for supplementary relief," including dissolution of the injunction. *Carbon Cnty. Coal Co.,* 799 F.2d at 281.

. . . .

Accordingly,

**IT IS ORDERED** that Plaintiffs' Motion to Stay Pending Appeal, Unopposed (Doc. 96) is **granted.** Defendant is hereby enjoined from proceeding with the foreclosure and trustee sale of the residence at 5514 N. Crescent Ridge Drive, Tucson, AZ, 85718, Tax Parcel No.: 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. This injunction is to remain in place until Plaintiff's appeal is resolved by the Court of Appeals, or until further Order from this Court or from the Court of Appeals.

Dated this 15th day of July, 2019.

Honorable Rosemary Márquez
United States District Judge