**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| William R Donges, et al., | No. CV-18-00093-TUC-RM |
| Plaintiffs, | **ORDER** |
| v. | |
| USAA Federal Savings Bank, | |
| Defendant. | |

Pending before the Court is Defendant USAA Federal Savings Bank's Motion for Attorneys' Fees. (Doc. 86.) Plaintiff homeowners brought this action against Defendant seeking to enjoin the foreclosure and trustee's sale of their house. (Doc. 35.) Plaintiffs asserted, among other things, that Defendant had exceeded the statute of limitations to bring a foreclosure action stemming from Plaintiffs' default on a Home Equity Line of Credit ("HELOC"). (*Id.*) The Court granted summary judgment on all claims in favor of Defendant. (Doc. 83.) The Court, however, enjoined the trustee's sale of the home pending Plaintiffs' appeal to the Ninth Circuit. (Doc. 98.) Defendant requests an order awarding $114,928.91 in attorneys' fees and nontaxable expenses. (Doc. 86.) Plaintiffs have filed a Response in Opposition (Doc. 94) and Defendant has filed a Reply (Doc. 95).

**A.     Contractual Entitlement to Fees and Costs**

Defendant first alleges that the deed of trust securing Plaintiffs' loan requires the recovery of attorneys' fees and costs. (Doc. 86 at 2.) That deed of trust secured the first of multiple HELOC loans and provided that "[i]f Grantor breaches any covenant in this

Security Instrument, Grantor agrees to pay all expenses Lendor incurs in performing such covenants or protecting its security interest in the Property." (Doc. 65-3 at 4.) It specified that such "amount may include, but is not limited to, attorneys' fees, court costs, and other legal expenses." (*Id.*)

Arizona's statute governing the award of attorneys' fees arising from a contract does not "alter[], prohibit[], or restrict[]" a contract that otherwise "provide[s] for attorney fees." A.R.S. § 12-341.01. Consequently, "when a contract has an attorney's fee provision it controls to the exclusion of the statute." *Am. Power Prods., Inc. v. CSK Auto, Inc.,* 396 P.3d 600, 604 (Ariz. 2017) (quoting *Lisa v. Strom,* 904 P.2d 1239, 1242 n.2 (Ariz. App. 1995)). Therefore, if a contractual provision settles the question of fees and costs, the Court need not conduct a statutory analysis.

However, it is far from clear that the contractual provision cited by Defendant applies here. This action was brought by Plaintiffs in a collateral challenge to a trustee's sale of property. Plaintiffs based their arguments on A.R.S. § 12-548 and A.R.S. § 33-816, which together provide that a trustee's sale or foreclosure action must take place within a six-year statutory period. (Doc. 1-3.)

As noted, the contractual provision cited by Defendant provides an entitlement to attorneys' fees arising from efforts to protect its security interest following a breach of any covenant in the agreement. (Doc. 65-3 at 4.) There is little doubt that Plaintiffs' failure to pay on their mortgage constituted a breach of a covenant. Defendant, however, has failed to establish that any fees it incurred defending *this* action were caused by that breach. Rather, it appears that any fees incurred in this action were proximately caused by Defendant's decision to postpone acting to preserve its security interest in the property until such time had passed that Plaintiffs had gained a colorable argument that the statute of limitations had run.

Moreover, although this Court did ultimately decline to accept Plaintiffs' argument that the statute of limitations barred Defendant's foreclosure action, Defendant does not establish that Plaintiffs' conduct in bringing this collateral action constituted a

breach of any covenant. Accordingly, the Court finds that the contractual provision cited does not govern, and so the Court proceeds to an analysis of the claimed statutory bases for an award of costs and fees.

**B.    Costs**

Defendant claims that it incurred nontaxable expenses in the amount of $2,672.41. (Doc. 86.) Defendant has provided an itemized statement of its costs. (Doc. 86-4.)

In a diversity action, federal law governs an award of taxable costs. *Felix v. Pic–N–Run*, Inc., No. CV 09-8015-PCT-JAT, 2012 WL 551645, at *4 (D. Ariz. Feb. 21, 2012) (citing *Aceves v. Allstate Ins. Co.*, 68 F.3d 1160, 1167 (9th Cir.1995) (applying federal procedure instead of state procedure to determine the amount of costs); *see also* 28 U.S.C. § 1920; Fed. R. Civ. P. 54(d)(1); LRCiv. 54.1(a).

Although Defendant describes its request as one for "nontaxable costs," many of the listed costs are in fact taxable under LRCiv 54.1(e). Defendant requests costs for obtaining a copy of the complaint, which are taxable under LRCiv 54.1(e)(5), various filing fees, all of which are taxable under LRCiv 54.1(e)(1), costs of producing court copies of filings, which are taxable under LRCiv. 54.1(e)(5), and deposition costs, which are taxable under LRCiv. 54.1(e)(3). (Doc. 86-4.)

Under LRCiv. 54.1(a), a party seeking taxable costs must, within fourteen days, file a bill of costs on a form provided by the Clerk of Court and attach documentation supporting the requested costs. The docket reflects that no such bill of costs was filed. The time for so filing has passed. Defendant will therefore not recover these costs.

In addition to the above taxable costs, Defendant also requests costs that are properly considered nontaxable, including for postage, parking, and delivery fees. (Doc. 86-4.) Defendant relies on A.R.S. § 12-341.01 as a basis for recovery of these nontaxable expenses. But the Arizona Supreme Court has explained that, with limited exceptions, non-taxable costs cannot be recovered under § 12-341.01. *Ahwatukee Custom Estates Mgmt. Ass'n, Inc.* v. *Bach,* 973 P.2d 106, 107 (Ariz. 1999). The exceptions, including the cost of computerized legal research and the cost of legal assistant or law clerk services,

are not applicable here. *Id.* at 108-09. Defendant is therefore not entitled to recovery of these nontaxable costs.

The Court accordingly declines to award Defendant costs.

**C.     Attorneys' Fees Under Arizona Law**

Arizona law permits a court to award attorneys' fees to the "successful party" in "any contested action arising out of a contract." A.R.S. § 12-341.01. An award of such fees is at the discretion of the court. *AmerisourceBergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946, 955 (9th Cir. 2006). A court should analyze six factors in determining whether to award such fees to an eligible party. *Associated Indem. Corp. v. Warner*, 694 P.2d 1181, 1183 (Ariz. 1985). Those factors are: (1) whether the unsuccessful party's claim or defense was meritorious; (2) whether the litigation could have been avoided or settled and so the successful party's efforts were superfluous; (3) hardship to unsuccessful party; (4) whether the successful party prevailed with respect to all of the relief sought; (5) whether the legal question presented was novel; and (6) whether the award would discourage other parties from litigating legitimate contract issues for fear of incurring liability for substantial amounts of attorney's fees. *Id.* at 1183-84.

As a threshold matter, the court finds that USAA Federal Savings Bank is eligible for the recovery of attorneys' fees under the statute. The Court granted summary judgment in favor of USAA Federal Savings Bank, making it a "successful party," and this action is fairly characterized as "arising out of a contract." A.R.S. § 12-341.01. However, "[m]ere eligibility" for a fee award does not establish "entitlement" to the award, and so the Court turns to the six *Warner* factors enumerated above. *Wagenseller v. Scottsdale Mem'l Hosp.*, 710 P.2d 1025, 1048 (Ariz. 1985).

The first factor, the merit of Plaintiffs' claims, weighs against awarding fees here. Although Plaintiffs did not prevail, their claims presented substantive legal and factual issues that presented a close case at summary judgment and caused the Court to enjoin the trustee's sale pending judgment in the Court of Appeals. (Doc. 98.)

The second factor, whether the litigation could have been settled without the

expense of litigation, is not instructive here. Plaintiffs assert that Defendant cut off communication with Plaintiffs and provided no opportunity for Plaintiffs to cure their failure to pay. (Doc. 94.) Plaintiffs also argue that Defendant rejected multiple settlement offers. (*Id.*) Finally, Plaintiffs also allege that Defendant failed to meaningfully consult with Plaintiffs regarding the attorneys' fee issue before bringing the instant motion. (*Id.*) Defendant in turn argues that Plaintiffs' settlement offers were unreasonable and that Plaintiffs themselves refused to discuss settlement at their depositions. (Doc. 95.) The Court concludes that the evidence as to whether this action could have been settled without the expense of litigation is in equipoise and that this factor provides little guidance.

The third factor, hardship to the unsuccessful party, weighs heavily against the award of attorneys' fees in this case. Plaintiffs, who have proceeded pro se in this action, face foreclosure and a trustee's sale of their home, pending the outcome of their appeal in the Ninth Circuit Court of Appeals. Although Defendant argues that Plaintiffs have equity in the property at issue and thus could pay a large attorney's fee award, Defendant has offered no evidence that extinguishing Plaintiffs' equity in the property would not cause Plaintiffs hardship.

The fourth factor, whether the successful party prevailed with respect to all relief sought, weighs in favor of awarding fees in this matter, as Defendant was awarded summary judgment on all of Plaintiff's claims.

The fifth factor, whether a novel question was presented, weighs against awarding fees. As Defendant acknowledges, Plaintiffs' argument that the reasoning of the Arizona Supreme Court in *Mertola, LLC v. Santos*, 422 P.3d 1028 (Ariz. 2018) should be applied to calculating the statute of limitations for bringing a foreclosure action under a HELOC presented a novel issue of law. (Doc. 86 at 6.)

Finally, the sixth factor, whether a fee award would tend to discourage others from engaging in legitimate contract litigation, weighs heavily against the award of fees. An award of fees in this matter would harm the public interest by chilling other homeowners

from asserting good-faith but novel challenges to foreclosure actions.

The Court finds that, overall, the above factors counsel against an award of attorneys' fees in this matter. An award of fees arising from Plaintiffs' good-faith presentation of a novel legal issue would cause Plaintiffs significant hardship and would chill other individuals in asserting good-faith challenges to foreclosure actions.

**D.     LRCiv 54.2 Reasonableness Factors**

Defendant argues that its requested fee award is reasonable under Local Rule of Civil Procedure 54.2. As the Court in its discretion has determined not to award attorneys' fees in this matter, the Court does not address the reasonableness factors provided by LRCiv 54.2.

Accordingly,

**IT IS ORDERED** that Defendant's Motion for Attorneys' Fees (Doc. 86) is **denied**. Defendant will not recover its costs or attorneys' fees.

Dated this 31st day of October, 2019.

Honorable Rosemary Márquez
United States District Judge