1  John S. Craiger (#021731)
2  jcraiger@polsinelli.com
   **POLSINELLI PC**
3  One East Washington Street, Suite 1200
   Phoenix, AZ 85004
4  Phone: (602) 650-2000
   Fax: (602) 264-7033
5  *Attorney for Defendant USAA Federal Savings Bank*

6

7              **THE UNITED STATES DISTRICT COURT**

8              **FOR THE DISTRICT OF ARIZONA**

9  WILLIAM R. DONGES and CAROLYN    Case No. 4:18-CV-00093-TUC-RM
   R. DONGES, husband and wife,
10
                    Plaintiffs,       **DEFENDANT'S MOTION FOR**
11                                    **RECONSIDERATION OF ORDER**
   vs.                                **DENYING ATTORNEYS' FEES**
12                                    **(DOC.  99)**
   USAA FEDERAL SAVINGS BANK,
13
14                    Defendant.
15

16

17        Pursuant to LRCiv 7.2(g), USAA Federal Savings Bank ("USAA FSB"), moves for

18  reconsideration of the Courts Order denying USAA FSB's motion for attorney's fees (the

19  "Order").  (Doc. 99).  Specifically, USAA FSB reconsideration of the Court's finding that it

20  is not entitled to attorney's fees subject to the terms of the Deed of Trust between the

21  Parties.[1]   Here, reconsideration is appropriate because the Court committed clear error by

22  misapplying the terms of the Deed of Trust.

23

24  _____

25       [1] Although USAA FSB disagrees with the Court's decision regarding its right to fees
    under A.R.S. § 12-341.01, in light of the discretion given to the district court in making
26  such a determination *AmerisourceBergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946, 955
    (9th Cir. 2006), Defendant does not find the Court's finding properly subject to a motion for
27  reconsideration.  USAA FSB does not seek to revisit this holding, and instead respectfully
    reserves its appellate rights.
28

                                      1

## I.      LEGAL STANDARD

Rule 7.2(g) of the Local Rules of Civil Procedure states that motions for reconsideration will ordinarily be denied "absent a showing of manifest error or a showing of new facts or legal authority that could not have been brought to [the Court's] attention earlier with reasonable diligence."  LRCiv 7.2(g)(1); *Colter v. Holmberg*, No. 17-CV-487-TUC-RM, 2017 WL 6886090, at *1 (D. Ariz. Nov. 7, 2017).  Rule 7.2(g) further provides:

> Any [motion for reconsideration] shall point out with specificity the matters that the movant believes were overlooked or misapprehended by the Court, any new matters being brought to the Court's attention for the first time and the reasons they were not presented earlier, and any specific modifications being sought in the Court's Order.  No motion for reconsideration of an Order may repeat any oral or written argument made by the movant in support of or in opposition to the motion that resulted in the Order.

*Id.*

Failure to comply with the requirements of Rule 7.2(g)(1) "may be grounds for denial of the motion."  *Id.*

## II.      DISCUSSION

In its Order, the Court rightly noted that under Arizona law, "when a contract has an attorney's fee provision it controls . . ."  (Doc. 99 at 2 (citing *Am. Power Prods., Inc. v. CSK Auto, Inc.*, 396 P.3d 600, 604 (Ariz. 2017)); *see also Rich v. Bank of Am., N.A.*, 666 F. App'x 635, 642 (9th Cir. 2016).  Here, the Deed of Trust securing Plaintiffs' loan, which compels recovery of attorney's fees and costs, is such a contract.  In particular, the Deed of Trust provides, in relevant part:

> If Grantor breaches any covenant in this Security Instrument, Grantor agrees to pay all expenses Lender incurs in performing such covenants or protecting its security interest in the Property. . . . Grantor agrees to pay all costs and expenses incurred by Lender in collecting, enforcing, or protecting Lender's rights and remedies under this Security Instrument. This amount may include, but is not limited to, attorneys' fees, court costs, and other legal expenses.

(Doc. 65-3 at 4.)

2

In applying this provision, the Court correctly determined that "[t]here is little doubt that Plaintiffs' failure to pay on their mortgage constituted a breach of a covenant." (Doc. 99 at 2.) Plaintiffs appear to have come to the same conclusion, as they did not challenge the applicability of the Deed of Trust's fee-shifting provision. (*See* Doc. 94.) Indeed, Plaintiffs agree that "[t]he terms of the Deed of Trust specifically allow USAA FSB to recover attorney fees (sic) incurred in protecting its security interest in the property." (*Id.* at 4.) Given the provision's applicability to the action at hand, Plaintiffs limited their challenge to Defendant's ability to recover more than $50,000 in fees under the provision. (*Id.* at 4-5.) It is an axiom of contract interpretation, that contractual provisions should be determined based on the parties intent. *See, e.g.*, *Grosvenor Holdings, L.C. v. Figueroa*, 218 P.3d 1045, 1050 (Ariz. Ct. App. 2009). Here, where the parties have a shared intent and understanding of the provision's meaning, the Court should defer to the parties' interpretation. *Id.* ("The purpose of contract interpretation is to determine the parties' intent and enforce that intent.").

Despite the Court finding that Plaintiffs had breached a covenant of the Deed of Trust, and despite Plaintiffs recognition of the applicability of the fee-shifting provision, the Court declined to apply the provision as it plainly reads. According to the Court, the Deed of Trust's fee-shifting provision is inapplicable because "Defendant . . . failed to establish that any fees it incurred defending *this* action were caused by [Plaintiffs' breach in failing to pay on their mortgage.]"[2] (Doc. 99 at 2) (emphasis original, alterations added). The Court further reasoned, "it appears that any fees incurred in this action were proximately caused by Defendant's decision to postpone acting to preserve its security interest in the property . . . . ." (*Id.*)

The plain text of the deed of trust, however, creates no such temporal limitation. *See, e.g.*, *Hadley v. Sw. Props., Inc.*, 570 P.2d 190, 193 (Ariz. 1977) ("Where the language

---

[2] The Court's proposition is simply unsupported by the record—Plaintiffs' lawsuit was a direct attack on USAA FSB's security interest, and had Plaintiffs prevailed in this matter, they would have extinguished USAA FSB's security interest.

71235500.3

of the contract is clear and unambiguous, it must be given effect as it is written."). And, to read one into the contract, would be inconsistent with its other provisions. For instance, the fee-shifting provision expressly contemplates that "Grantor agrees to pay all costs and expenses incurred by Lender in collecting, enforcing, or protecting Lender's rights *and remedies* under this Security Instrument." (Doc. 65-3 at 4.) Significantly, the Deed of Trust expressly contemplates that under the "Remedies on Default" subsection that "Lender may accelerate the Secured Debt and Foreclose this Security Instrument . . . ." (*Id.*); (*see also* Doc. 83 at 6 (Court recognizing that USAA FSB "could, but was not required to, accelerate the principal" under the Deed of Trust).) "A contract must be construed in its entirety, rather than from reading one provision in isolation from the rest of the contract." *See Cent. Ariz. Water Conservation Dist. v. U.S.*, 32 F. Supp. 2d 1117, 1128 (D. Ariz. 1998). "A court should construe a contract in a manner that gives full meaning and effect to all its provisions and avoid an interpretation which leaves part of the contract meaningless or unreasonable." *Id.*

As such, when Plaintiffs—the Grantor—breached the covenant by failing to pay on their mortgage, USAA FSB—Lender became contractually entitled to attorney's fees incurred in protecting its security interest—even if USA FSB elected, in accord with its contractual rights, to wait to enforce said rights. *See, e.g.*, *Taylor v. State Farm Mut. Auto. Ins. Co.*, 854 P.2d 1134, 1138 (Ariz. 1993) ("[i]n Arizona, a court will attempt to enforce a contract according to the parties' intent").

## III.  CONCLUSION

USAA FSB respectfully asks the Court to reconsider its order denying attorney's fees, and award USAA FSB attorneys' fees and litigation expenses totaling $114,928.91 pursuant to the terms of the Deed of Trust.


RESPECTFULLY SUBMITTED this 14th Day of November, 2019.

**POLSINELLI PC**

4

71235500.3

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

By: */s/ John Craiger*
    John Craiger
    1 E. Washington Street, Suite 1200
    Phoenix, AZ  85004
    *Attorneys for Defendant USAA FSB*

5

71235500.3

1

## <u>CERTIFICATE OF SERVICE</u>

2

   I hereby certify that on November 14, 2019, I electronically transmitted the

3

foregoing document to the U.S. District Court Clerk's Office by using the CM/ECF System

4

for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF

5

registrants:

6

   **William R Donges**

7

   5514 N Crescent Ridge Drive
   Tucson, AZ 85718

8

   520-529-6227
   Email: bdonges@attglobal.net

9

   *Plaintiff*

10

11

   */s/John Craiger*

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

71235500.3