**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| William R Donges, et al., | No. CV-18-00093-TUC-RM |
| Plaintiffs, | **ORDER** |
| v. | |
| USAA Federal Savings Bank, | |
| Defendant. | |

Pending before the Court is Defendant's Motion for Reconsideration. (Doc. 100.) Following the Court's grant of summary judgment in favor of Defendant (Doc. 83), Defendant moved for attorneys' fees and costs in the amount of $114,928.91 (Doc. 86.) The Court denied Defendant's motion, finding that the discretionary factors under A.R.S. § 12-341.01, and particularly the relative financial interests of the parties and the strong public interest in not disincentivizing homeowners from challenging allegedly unlawful foreclosure practices, weighed against the award of fees. (Doc. 99.) Defendant has now moved the Court for reconsideration, arguing that this Court erred in failing to award fees under a contract provision. (Doc. 100.) Plaintiffs filed a Response. (Doc. 108.) The Court will grant Defendant's Motion for Reconsideration (Doc. 100) and award the requested fees.

Arizona law provides courts considerable discretion in awarding reasonable attorneys' fees under A.R.S. § 12-341.01, but "narrowly circumscribed" discretion in awarding attorneys' fees pursuant to a contractual provision. *McDowell Mountain Ranch*

*Cmty. Ass'n, Inc. v. Simons*, 165 P.3d 667, 672 (Ariz. Ct. App. 2007). In an appropriate case, the Court may entirely refuse to award fees under A.R.S. § 12-341.01, but "the court lacks discretion to refuse to award fees under [a] contractual provision." *Chase Bank of Ariz. V. Acosta,* 880 P.2d 1109, 1121 (Ariz. App. 1994).

Here, the Deed of Trust securing Plaintiffs' loan states that, if Plaintiff breaches "any covenant in this Security Instrument," then Defendant is entitled to "all costs and expenses [Defendant] incurs in . . . protecting its security interest in the property " (Doc. 65-3 at 4.) The provision specifies that such expenses include attorneys' fees and court costs. (*Id.*) Here, there is no dispute that Plaintiffs breached the covenant by defaulting on their loan obligation. (*See* Defendants Response to Motion for Reconsideration, Doc. 108.) The costs that Defendant incurred in litigating this action were plainly taken to "protect [Defendant's] Security Interest," since Plaintiffs would have gained title to the property if they were successful in this action.

The Court accordingly finds that it lacks the discretion to deny Defendant an award of a request for reasonable attorneys' fees actually performed. Having reviewed the time logs and affidavit provided by Defendant (Doc. 86), the Court finds that the fees requested in the amount of $112,256.50 represent the actual expenses reasonably incurred by Defendant in defending this action. Therefore, upon reconsideration, the Court will award the requested fees. For the reasons stated in the Court's previous Order, the Court will not award costs. (Doc. 99.)

Accordingly,

. . . .

. . . .

. . . .

. . . .

. . . .

. . . .

**IT IS ORDERED** that Defendant's Motion for Reconsideration (Doc. 100) is granted.

**IT IS FURTHER ORDERED** that Defendant is awarded $112,256.50 in attorneys' fees.

Dated this 8th day of May, 2020.

_____
Honorable Rosemary Márquez
United States District Judge