WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| William R Donges, et al., | No. CV-18-00093-TUC-RM |
| Plaintiffs, | **ORDER** |
| v. | |
| USAA Federal Savings Bank, | |
| Defendant. | |

On April 30, 2019, this Court granted summary judgment to Defendant USAA Federal Savings Bank in the above-entitled action. (Doc. 83.) The Clerk entered judgment in favor of Defendant on May 9, 2019. (Doc. 85.) This Court later awarded Defendant $112,256.50 in attorneys' fees. (Doc. 109.)

The Ninth Circuit Court of Appeals affirmed this Court's grant of summary judgment to Defendant and issued a formal mandate pursuant to Rule 41 of the Federal Rules of Appellate Procedure. (Doc. 113.) The Ninth Circuit's mandate taxes costs against Plaintiff/Appellant in the amount of $480.30. (*Id.*) The Ninth Circuit later awarded Defendant/Appellee $27,059.00 in attorneys' fees, specifying that its attorneys' fees order amends its mandate. (Doc. 114.)

Currently pending before this Court are Defendant's Motion for Entry of Judgment (Doc. 115) and Plaintiffs' Motion to Compel USAA to Produce Payoff Demand (Doc. 116). Defendant responded in opposition to the Motion to Compel (Doc. 117), but Plaintiffs did not respond to the Motion for Entry of Judgment.

I.   **Motion for Entry of Judgment**

Defendant asks this Court to enter judgment in its favor and against Plaintiffs in the amount of $139,795.80, reflecting the $112,256.50 in attorneys' fees awarded by this Court, the $27,059.00 in attorneys' fees awarded by the Ninth Circuit, and the $480.30 in costs taxed by the Ninth Circuit.

"A party may request that judgment be set out in a separate document as required by Rule 58(a) [of the Federal Rules of Civil Procedure.]" Fed. R. Civ. P. 58(d). Rule 58(a)(3) states that "[e]very judgment and amended judgment must be set out in a separate document," but that "a separate document is not required for an order disposing of a motion . . . for attorney's fees under Rule 54 [of the Federal Rules of Civil Procedure.]"

Defendant has not cited any authority indicating it is proper for this Court to include the Ninth Circuit's awards of fees and costs in a judgment issued by this Court.[1] Furthermore, Defendant's Motion for Attorneys' Fees was filed pursuant to Rule 54 (*see* Doc. 86), and thus Rule 58(a)(3) does not require a separate judgment for this Court's order disposing of the Motion for Attorneys' Fees. Plaintiffs are obligated to pay attorneys' fees and costs in the amounts awarded by this Court and the Ninth Circuit; Defendant does not need a separate judgment from this Court to collect on its costs and fee awards.

The Court does not need to enter a separate judgment on its attorneys' fees order, and it declines to do so. *See United States v. Business Recovery Servs.*, LLC, No. CV 11–0390–PHX–JAT, 2012 WL 3064253, at *2 (D. Ariz. July 26, 2012) (declining to enter a separate judgment on attorneys' fees order).

. . . .

---

[1] Certain costs on appeal are taxable in the district court rather than the circuit court, *see* Fed. R. App. P. 39(e), and a party may move to transfer consideration of attorneys' fees on appeal to the district court, *see* 9th Cir. R. 39-1.8. Neither Fed. R. App. P. 39(e) nor 9th Cir. R. 39-1.8 is applicable here; the circuit clerk taxed costs on appeal, and the Ninth Circuit awarded attorneys' fees on appeal. As discussed above, the award of costs is included in the Ninth Circuit's mandate, and the Ninth Circuit's Order awarding attorneys' fees specifies that it amends the mandate.

## II. Motion to Compel

Plaintiffs aver that on October 28, 2020, they submitted a payoff demand statement to Defendant, seeking to determine the exact amount required to settle the outstanding liens on the property at issue in this litigation. (Doc. 116 at 1-2.) Plaintiffs further aver that Defendant failed to respond to their request, and they ask this Court to require Defendant to issue a payoff demand statement pursuant to A.R.S. § 33-715. (*Id.* at 2.)

Defendant argues that Plaintiffs' Motion should be dismissed because this case is closed, the Motion seeks relief under state law for conduct that is not at issue in this case, and Plaintiff already has the information he seeks. (Doc. 117 at 1-2.) Defendant further avers that it has no record of Plaintiffs' request for a payoff demand statement. (*Id.* at 2.)

The Court agrees with Defendant that Plaintiffs have not shown that this Court is authorized to compel Defendant to provide a payoff demand statement pursuant to A.R.S. § 33-715, particularly given the fact that this case has been fully adjudicated and is closed. Plaintiffs' Motion to Compel will be denied.

**IT IS ORDERED** that Defendant's Motion for Entry of Judgment (Doc. 115) is **denied** as unnecessary pursuant to Fed. R. Civ. P. 58(a)(3).

**IT IS FURTHER ORDERED** that Plaintiffs' Motion to Compel (Doc. 116) is **denied**.

Dated this 12th day of April, 2021.

_____
Honorable Rosemary Márquez
United States District Judge